IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

JUSTIN D. HURST                                                                                       PLAINTIFF

V.                                                                         CIVIL ACTION NO. 4:23-CV-22-DAS

TIMOTHY MORRIS and
ANGELA BROWN                                                                                        DEFENDANTS

**MEMORANDUM OPINION\\**

This matter is before the court on motion of the defendants Timothy Morris and Angela Brown for summary judgment. The plaintiff has filed no response to the motion and the time for doing so has expired. After considering the motion and the response thereto, the court finds as follows:

The plaintiff, proceeding *pro se,* filed suit against the defendants alleging the violation of his constitutional rights for failing to provide any treatment for his Type 2 diabetes for the first three months of his imprisonment at Mississippi State Penitentiary (MSP). He also complains of unsanitary food, bad housing conditions and gang violence. The defendants have moved for summary judgment alleging Hurst failed to exhaust his administrative remedies before filing suit. They request dismissal of this action with prejudice.

**Summary Judgment**

Summary judgment is warranted under Rule 56(a) of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgement as a matter of law. The rule "mandates the entry of

summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).

The moving party bears the initial responsibility to inform the district court of the basis for its motion and identify those portions of the record it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323. The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." *Id.* at 324. Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts demonstrating a genuine issue for trial. *TIG Ins. Co. v. Sedgwick James of Wash.,* 276 F.3d 754, 759 (5th Cir.2002); *S.E.C. v. Recile* 10 F.3d 1093, 1097 (5th Cir.1997); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994) (en banc). In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when ... both parties have submitted evidence of contradictory facts." *Little* 37 F.3d at 1075. When such contradictory facts exist, the court may "not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 150 (2000).

Importantly, "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Jackson v. Cal–W. Packaging Corp.,* 602 F.3d 374, 379–80 (5th Cir.2010). The 2010 amendments to Rule 56 now make this abundantly clear. Pursuant to Rule 56(c)(1), a party asserting that a fact "is genuinely disputed must support the assertion by ... citing to particular parts of materials in the

record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations ..., admissions, interrogatory answers, or other materials."

## II. DISCUSSION

Because the plaintiff filed suit while a prisoner, he is required to comply with the Prison Litigation Reform Act. One of the provisions of this act requires that prisoners exhaust any available administrative remedies.[1] Exhaustion of the administrative remedies is mandatory. *Woodford v. Ngo,* 548 U.S. 81, 84 (2006).

The Mississippi Department of Corrections, pursuant to statutory authority, Miss. Code Ann § 47-5-801, has set up an administrative review program. This review program has been approved by this court in *Gates v. Collier*, Civil Action No. 4:71-cv-6-S-D (N.D. Miss 1971), by order dated February 15, 1994. Originally a more complicated three-step program, the Mississippi exhaustion is now just a two-step process. *Gates v Barbour*, Civil Action N. 4:71-cv-6-JAD, Doc 1242.

It is undisputed that Hurst has not exhausted his administrative remedies. In response to the court's January 9, 2024, show cause order, Hurst represented that he did not exhaust his administrative remedies, largely because of a prison riot. He alleged that during the riot he submitted a grievance to Corrections Officer Redman, but she did not put it into the appropriate box. He then spent several days in the prison infirmary and asked for a grievance form or paper

---

[1] "No action shall be brought with respect to prison conditions under [42 U.S.C.§ 1983], or any other Federal law, by a prisoner confined n any jail, prison, or other prison until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a)

3

and pen to file his grievance. The nurses told him they did not have the needed supplies. He also asserted that the riot resulted in the removal of inmates' property from their cells, so he lost access to his writing materials. Finally, he asserted that he was unable thereafter to file a grievance because he was transferred to the Tallahatchie County Correctional Facility (TCCF), a private prison contractor with the Federal Bureau of Prisons, thus losing access to the state grievance procedures.

Accepting these factual allegations as the court must on the motion for summary judgment, Hurst tried to file grievances and tried to get materials to file the needed grievance. Because Hurst then tried to get materials from the nurses, he was aware that his attempt to file through Redman was not successful. The court also accepts his allegation that he lost access to his personal writing supplies because of the riot. The defendants admit both that Hurst was transferred to TCCF and that he would not have had access to the state Administrative Remedies Program while at that facility.

In response, the defendants attached a housing record with the motion for summary judgment that shows Hurst was transferred back to MSP after his stint at TCCF. He remained at MSP for thirty-six days before his custody was against transferred. Hurst did not mention this return to the state system in his response to the show cause order, nor did he suggest any impediment to filing his grievance at that time. The record establishes that Hurst had the opportunity to exhaust his administrative remedies. The defendants have submitted the affidavit of an investigator with the Administrative Remedy Program with the Mississippi Department of Corrections, verifying that Hurst filed no grievances with the program.

4

Because it is undisputed fact that Hurst could have but did not exhaust his administrative remedies and because exhaustion of remedies is mandatory, the court finds the defendants are entitled to summary judgment. A judgment dismissing the case with prejudice shall be entered.

**THIS,** the 22nd day of April, 2025.

/s/ David A. Sanders
**UNITED STATES MAGISTRATE JUDGE**